# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**RONNIE BROOKS,**

    **Plaintiff,**                                                               **CIV: No.: 2:24-cv-01276**

**v.**

**JONAH TREVINO, JOSHUA
THOMAS, T'MADRE HARRIS,
JAMES TEAGUE, TAIWAN SMITH,
and THE CITY OF HOBBS**

    **Defendants.**

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on April 9, 2025 via phone and was attended by:

> Curtis Waldo
> WALDO GUBERNICK LAW ADVOCATES, LLP
> 717 Texas Aven. Suite 1200
> Houston, TX 77002
> curtis@wglawllp.com
> (713) 306-0512
> *Attorneys for Plaintiff*

> Haley R. Grant
> MYNATT SPRINGER P.C.
> P.O. Box 2699
> Las Cruces, NM  88004-2699
> (575) 524-8812
> hrg@mynattspringer.com
> *Attorney for Defendants*

## NATURE OF THE CASE

Plaintiff alleges Hobbs Police Department ("HPD") officers unlawfully detained, arrested, and used excessive force against him on August 4, 2024 during an investigation into reporting party Willie Haynes' report of a person who chased him with a gun.  Plaintiff alleges Defendant

City of Hobbs violated the New Mexico Civil Rights Act ("NMCRA") and New Mexico constitution in Article II, Sections 4 and 10 based on his unreasonable detention and arrest as well as the use of excessive force.

Plaintiff further asserts a Fourth Amendment violation against Defendants Officers Jonah Trevino, T'Madre Harris, James Teague as well as Sergeant Joshua Thomas for unreasonable detention and arrest and excessive force. Plaintiff further sues the City of Hobbs for inadequately training on when to detain a suspect and use force against a subject during an arrest.

Plaintiff contends all Defendants are subject to a New Mexico Tort Claims Act ("NMTCA") waiver of immunity under N.M. Stat. Ann. § 41-4-12 (2020) for battery, false arrest, false imprisonment, abuse of process, and malicious prosecution based on allegations that the officers battered Plaintiff in detaining and tasing him and filing a criminal complaint containing false statements and knowingly lacking in probable cause. Plaintiff further asserts former City Attorney/Prosecutor Valerie Chacon knew or should have known the criminal complaint contained false statements and lacked probable cause.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff should be allowed until June 9, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants do not intend to amend their or join additional parties.

Defendants should be allowed until July 9, 2025 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has personal jurisdiction over the

parties. The parties further stipulate and agree that the law governing this case is § 1983, the Fourth Amendment, federal procedural law, the New Mexico Civil Rights Act, and the New Mexico Tort Claims Act, and related precedent.

### PLAINTIFF'S CONTENTIONS

Plaintiff's contentions are set forth in the Complaint and Plaintiff's Motion for Partial Summary Judgment, filed by Plaintiff on March 25, 2025. Plaintiff further states that the relevant events are captured on police body camera footage from multiple vantage points.

Plaintiff's contentions are straightforward, and Defendants do not appear to contest them. To wit: Non-party Willie Haynes reported that someone named Keith Wright was chasing him with a gun. Haynes did not provide the officers with any identifying information regarding his assailant other than his name, and Haynes said his assailant may be at a house down the block. Haynes did *not* identify Plaintiff as the assailant, even though Plaintiff was sitting in plain sight on the sidewalk. Haynes did not provide a description of his assailant's race, age, height, or any other descriptors, and the officers did not ask. Instead, Officers Teague and Thomas jumped the gun and identified Plaintiff to their fellow officers as the likely assailant, Plaintiff being a young black man who was sitting on the sidewalk. When Plaintiff (lawfully) attempted to flee, Defendant Officers Smith, Harris, and Trevino tackled Plaintiff and tased him three times.

Defendants concede (*infra*) that Teague was mistaken in jumping to a conclusion about Plaintiff, but Defendants contend it was a "reasonable" mistake given the "potential grave danger with a shooter in a residential area." In this way, Defendants do not contend the "grave danger" created reasonable suspicion to detain Plaintiff; rather, Defendants contend the "grave danger" so frazzled Teague that Teague's mistake was reasonable.

The problem with Defendants' argument is they do not say what Teague's "misunderstanding" was. Defendants do not say Teague thought X but it turned out to be Y. Defendants do not say Teague thought Haynes identified Plaintiff as the assailant, or that Haynes made some gesture Teague interpreted as Haynes identifying Plaintiff. They just say Teague panicked. But urgency and panic do not change the reasonable suspicion requirement for an investigatory stop. If anything, an urgent threat would make it more important for law enforcement to exercise caution and ensure the right person is apprehended, lest resources be allocated to investigating the wrong person, as they were here with Plaintiff. (To Plaintiff's knowledge, Keith Wright has never been apprehended or charged with assaulting Haynes, further undermining Defendants' "grave danger" argument). Defendants' contention in this regard is even more reason why summary judgment should be awarded on liability in Plaintiff's favor.

Plaintiff further contends that while Defendants have pled qualified immunity, qualified immunity concerns whether the *law* was clearly established. Defendants' real argument appears to be mistake of fact, but (1) Defendants do not say what the mistake of fact was, and (2) qualified immunity does not provide deference to Defendants' unreasonable factual mistakes.

What makes Defendants' conduct here even worse is that Defendant HPD Officer Trevino lied in his criminal complaint against Plaintiff about what Haynes said. Trevino swore in the criminal complaint that Haynes identified Plaintiff as the assailant when body camera footage shows the opposite. This sort of misconduct only heightens the case for punitive damages, which Plaintiff seeks. This lack of credibility also undermines Defendants' latest argument that this was all a mistake by Teague based on his fear of an urgent threat to the neighborhood.

Plaintiff contends that his unlawful detention and the unlawful use of force against him caused him physical injuries for which Plaintiff has sought treatment and which may cause

Plaintiff long-term physical damage. Plaintiff has also experienced mental anguish as a result of the underlying incident.

### **DEFENDANTS' CONTENTIONS**

Defendant officers detained and arrested Plaintiff on valid reasonable suspicion and probable cause while using reasonable force to effect the arrest. When officers arrived on scene, reporting party Willie Haynes claimed that a subject "tried to shoot me" and pointed out the vehicle that the subject who chased him with a gun was driving during the chase parked in front of a house. Mr. Haynes pointed out "that black car right there at the house." The house Mr. Haynes pointed out included a fence/front retaining wall where Plaintiff sat. As Mr. Haynes pointed out the vehicle explaining, "yeah, he was driving that black car right there at the house," he also identified the aggressor stating that, "his name is Keith Wright."

Mr. Haynes went on to report that Mr. Wright put on the gun on him and that "he chased me again trying to shoot me again." Immediately after Mr. Haynes finished this statement, Ofc. Teague realized they were dealing with a subject who had just discharged a firearm in a residential area. Making the reasonable inference that Mr. Haynes was referring to Plaintiff when he identified Mr. Wright while the officers looked down the street and based on the apparent danger of the situation, Ofc. Teague directed other officers to check on Plaintiff.

Ofc. Teague was mistaken as to the facts supporting reasonable suspicion, but his understanding was reasonable given his reasonable misunderstanding under what he understood was a potential grave danger with a shooter in a residential area. To prevent any further conflagration of events, officers detained Plaintiff. Whether Plaintiff identified himself as Ronnie Brooks or not, any reasonable officer would credit a reporting party over a potential shooter under these circumstances.

Therefore, Plaintiffs' detention and arrest were reasonable and supported by reasonable suspicion and probable cause, and the officers did not violate Article II, Section 10 or the Fourth Amendment. Equally, the officers did not falsely arrest or imprison Plaintiff nor did they commit any malicious abuse of process, or malicious prosecution to cause a N.M. Stat. Ann. § 41-4-12 (2020) waiver of immunity under the New Mexico Tort Claims Act to be liable on these claims.

As for Plaintiff's force related allegations, the officers force was reasonable. Once Plaintiff attempted to flee officers' attempts to detain him, officers held objective probable cause that he was resisting, obstructing or evading an officer. Plaintiff physically resisted his apprehension as multiple officers attempted to subdue him. Given Plaintiff's resistance and the lack of success in controlling him for handcuffing, Plaintiff had to be tased. Once Plaintiff was handcuffed, the officers used no additional force. Thus, the officers' force was reasonable and lawful under Article II, Section 10 of the New Mexico constitution and the Fourth Amendment and did not result in a waiver of immunity for battery under N.M. Stat. Ann. § 41-4-12 (2020) of the New Mexico Tort Claims Act.

Finally, no Article II, Section 4 claim raised through the New Mexico constitution may lie against a governmental entity or their employee under *Morris v. Brandenburg*, 376 P.3d 836, 854 – 855 (N.M. 2016) (Recognizing the New Mexico Supreme Court had "not construe[d] Article II, Section 4 as an enforceable source of individual rights, but rather as an overarching principle which informed the equal protection guarantee of our Constitution.").

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

**PLAINTIFF:**

Plaintiff's Fact Witnesses:

With respect to liability and the relevant facts, Plaintiff believes that the videotape evidence is sufficient to warrant summary judgment. Plaintiff does not believe live testimony would be useful in this regard. That said, if this case proceeded to trial, below are potential witnesses and a brief summary of their expected testimony.

1. Plaintiff Ronnie Brooks
   c/o Benjamin Gubernick
   Curtis Waldo
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Aven. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (346) 277-0287
   (717) 306-0512
   *Attorneys for Plaintiff*

Plaintiff is expected to testify about his detention and arrest, the force used against him, and the injuries and damages he has incurred as a result of Defendants' actions.

2. Defendant HPD Officer Jonah Trevino
   c/o MYNATT SPRINGER, P.C.
   Blaine T. Mynatt
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Officer Trevino is expected to testify about what information he acted on prior to detaining and arresting Plaintiff. Officer Trevino is expected to testify about the false statements in the police report he signed. Officer Trevino is expected to testify about his use of force in detaining Plaintiff.

Officer Trevino is expected to testify about the training and supervision he has received as an HPD officer.

    3.   Defendant HPD Sergeant Joshua Thomas
          c/o MYNATT SPRINGER, P.C.
          Blaine T. Mynatt
          Haley R. Grant
          Mynatt Springer, P.C.
          P.O. Box 2699
          Las Cruces, NM 88004
          (575) 524-8812

Sergeant Thomas is expected to testify concerning his involvement in Plaintiff's arrest and detention and his recollection of those events. Sergeant Thomas is expected to testify about why he along with Teague instructed Smith, Harris, and Trevino to investigate Plaintiff. Sergeant Thomas is expected to testify about his supervision of the other officers and his experience working with them, as well as his own training and relevant HPD policies and procedures. Sergeant Thomas is expected to testify about his role in Officer Trevino signing a false criminal complaint, as well as why the incident report differed from the criminal complaint.

    4.   Defendant HPD Officer T'Madre Harris
          c/o MYNATT SPRINGER, P.C.
          Blaine T. Mynatt
          Haley R. Grant
          Mynatt Springer, P.C.
          P.O. Box 2699
          Las Cruces, NM 88004
          (575) 524-8812

Officer Harris is expected to testify about what information he acted on prior to detaining and arresting Plaintiff. Officer Harris is expected to testify about his use of force in detaining Plaintiff. Officer Harris is expected to testify about the training and supervision he has received as an HPD officer.

    5.   Defendant HPD Officer James Teague
          c/o MYNATT SPRINGER, P.C.
          Blaine T. Mynatt
          Haley R. Grant
          Mynatt Springer, P.C.
          P.O. Box 2699
          Las Cruces, NM 88004
          (575) 524-8812

Officer Teague is expected to testify about why he identified Plaintiff as the assailant of Willie Haynes, and why he and Thomas instructed Harris, Smith, and Trevino to investigate Plaintiff.

Officer Teague is expected to testify about his training and supervision as an HPD officer as well as the relevant policies and procedures.

    6.   Defendant HPD Officer Taiwan Smith
        c/o MYNATT SPRINGER, P.C.
        Blaine T. Mynatt
        Haley R. Grant
        Mynatt Springer, P.C.
        P.O. Box 2699
        Las Cruces, NM 88004
        (575) 524-8812

Officer Smith is expected to testify about information he received leading to the detention and arrest of Plaintiff, the force used to detain and apprehend Plaintiff, and his observations and recollection of events during the incident. Officer Smith is further expected to testify concerning his training and supervision as an HPD officer and relevant policies and procedures.

    7.   Non-party HPD Officer Van Zandt
        c/o MYNATT SPRINGER, P.C.
        Blaine T. Mynatt
        Haley R. Grant
        Mynatt Springer, P.C.
        P.O. Box 2699
        Las Cruces, NM 88004
        (575) 524-8812

Van Zandt is expected to testify about the information he received from Willie Haynes regarding Mr. Haynes' alleged assailant, Keith Wright. Van Zandt is expected to testify about how Mr. Haynes never identified Plaintiff as his assailant, and how Mr. Haynes did not provide any other information that would connect Plaintiff to the person who assaulted Mr. Haynes.

Plaintiff further discloses any impeachment or rebuttal witness, any witness disclosed by Defendants, and any expert witness.

Plaintiff's Exhibits:

- The relevant body camera footage and 911 recording
- Plaintiff's medical records relating to his injuries
- The relevant criminal complaint and incident report (all versions thereof)
- Any other case file documents relating to the incident as disclosed by Defendants
- Relevant policies and procedures from HPD
- Relevant portions of the officers' personnel/disciplinary files

Plaintiff's Expert Witnesses:

Plaintiff may call a use of force expert and a medical witness to testify about Plaintiff's injuries.

**DEFENDANTS:**

Defendants' Fact Witnesses:

1. Plaintiff Ronnie Brooks
   c/o Benjamin Gubernick
   Curtis Waldo
   WALDO GUBERNICK LAW ADVOCATES, LLP
   717 Texas Aven. Suite 1200
   Houston, TX 77002
   ben@wglawllp.com
   curtis@wglawllp.com
   (346) 277-0287
   (717) 306-0512
   *Attorneys for Plaintiff*

Plaintiff is expected to testify to his recollections of his detention and arrest, his confinement pursuant to arrest, and to his damages alleged in this lawsuit.

2. Defendant HPD Officer Jonah Trevino
   c/o MYNATT SPRINGER, P.C.
   Blaine T. Mynatt
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Officer Trevino is expected to testify concerning information he received leading to his detention and arrest of Plaintiff at issue in this case, his preparation of the criminal complaint against Plaintiff, and the details of the necessary force used against Plaintiff to detain and arrest him and the basis of the force. Ofc. Trevino is further expected to testify concerning his training and supervision as an HPD officer.

3. Defendant HPD Sergeant Joshua Thomas
   c/o MYNATT SPRINGER, P.C.
   Blaine T. Mynatt
   Haley R. Grant
   Mynatt Springer, P.C.
   P.O. Box 2699
   Las Cruces, NM 88004
   (575) 524-8812

Sergeant Thomas is expected to testify concerning his involvement as a supervisor in Plaintiff's arrest and detention at issue in this case including his understanding of the events leading to

Plaintiff's detention, his transport of Plaintiff for confinement, his conversations with Plaintiff, and his observations and recollection of events during the incident.  Sergeant Thomas is further expected to testify concerning his supervision of the officers and his experience working with them.  Sergeant Thomas is also expected to testify concerning his training and supervision as an HPD officer and sergeant.

    4.   Defendant HPD Officer T'Madre Harris
         c/o MYNATT SPRINGER, P.C.
         Blaine T. Mynatt
         Haley R. Grant
         Mynatt Springer, P.C.
         P.O. Box 2699
         Las Cruces, NM 88004
         (575) 524-8812

Officer Harris is expected to testify concerning information he received leading to his detention and arrest of Plaintiff at issue in this case, the details of the necessary force used against Plaintiff to detain and arrest him and the basis of the force, and his observations and recollection of events during the incident.  Ofc. Harris is further expected to testify concerning his training and supervision as an HPD officer.

    5.   Defendant HPD Officer James Teague
         c/o MYNATT SPRINGER, P.C.
         Blaine T. Mynatt
         Haley R. Grant
         Mynatt Springer, P.C.
         P.O. Box 2699
         Las Cruces, NM 88004
         (575) 524-8812

Officer Teague is expected to testify concerning information he received leading to his detention and arrest of Plaintiff at issue in this case, the facts leading him to conclude officers should detain Plaintiff, his understanding of the force in apprehending Plaintiff, and his observations and recollection of events during the incident.  Ofc. Teague is further expected to testify concerning his training and supervision as an HPD officer.

    6.   Defendant HPD Officer Taiwan Smith
         c/o MYNATT SPRINGER, P.C.
         Blaine T. Mynatt
         Haley R. Grant
         Mynatt Springer, P.C.
         P.O. Box 2699
         Las Cruces, NM 88004
         (575) 524-8812

Officer Smith is expected to testify concerning information he received leading to his detention and arrest of Plaintiff at issue in this case, his recollection of the force used to detain and apprehend Plaintiff, and his observations and recollection of events during the incident. Ofc. Smith is further expected to testify concerning his training and supervision as an HPD officer.

7. Willie Haynes
   5817 W. 22nd Street #41T
   Lubbock, TX 79407
   (575) 390-0861

Mr. Haynes is expected to testify concerning his actions and observations on the date of the incident at issue in this case including running from Keith Wright's vehicle, the gun Mr. Wright pointed at him, and his interactions with Wright and flight away from him leading to the law enforcement response. Mr. Haynes is also expected to testify concerning his interactions with HPD officers and information he reported concerning Mr. Wright.

8. Keith Wright
   1403 E. White Street
   Hobbs, New Mexico 88240
   Phone number unknown

Mr. Wright is expected to testify concerning his interactions with reporting party Willie Haynes on the date of the incident at issue in this case including his threats to shoot Mr. Haynes and his pursuit of Haynes with a gun in his vehicle. Mr. Wright is further expected to testify concerning his family relationship to Plaintiff and the reason Plaintiff sat in front of his house. Mr. Wright is further expected to testify concerning his actions and observations of Plaintiff's arrest.

9. Any witnesses identified through discovery.

10. Any witnesses for impeachment or rebuttal.

11. Any witnesses necessary for authentication.

12. Any witnesses identified by Plaintiff.

Defendants' Exhibits:

1. HR Files for Officers (Bates Nos. 000001—001658)

2. Hobbs Police Department Videos (Bates Nos. 001659—001671)

3. Lea County Communications Authority Recordings (Bates Nos. 001672—001673)

4. Use of Force Photos (Bates Nos. 001674—001698)

5. Criminal Complaint (Bates Nos. 001699—001704)

6. Tort Notice Correspondence (Bates Nos. 001705 – 1711)

7. 911 Recording (Bates Nos. 001712)

8. Incident Report (Bates Nos. 001713—001720)

9. Officer and Dispatch recording (Bates Nos. 001721)

10. HPD Daily Activity Log and CAD comments (Bates Nos. 001722)

11. CAD Log (Bates Nos. 001723—001737)

12. HPD Rules & Regulations (Bates Nos. 001738—002430)

13. Brooks Citation History (Bates Nos. 002431—002433)

14. Brooks Arrest Report (Bates Nos. 02434—002445)

15. Taser Log (Bates Nos. 002446—002454)

16. Use of Force Policy (Bates Nos. 002455—002467)

Defendants' Expert Witnesses:

Defendants anticipate calling a use of force expert to opine as to the force used to apprehend Plaintiff. Defendants may also call a medical expert to opine as to Plaintiff's injuries.

Discovery will be needed on the following subjects: Both parties state that discovery will be needed on liability and damages.

Maximum of **25** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party. (Response due **30** days after service).

Maximum of **25** requests for production by each party to any other party. (Response due **30** days after service).

Maximum of **6** depositions by Plaintiff and **3** depositions by Defendants (not including expert depositions).

Each deposition (other than of parties and experts) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

>For Plaintiff: January 12, 2026

>For Defendants: February 12, 2026

Supplementation under Rule 26(e) due 30 days after receipt of information.

All discovery commenced in time to be complete by March 13, 2026.

## **PRETRIAL MOTIONS**

Plaintiff intends to file: Plaintiff has filed a motion for summary judgment and intends to file motions in limine and discovery motions as necessary.

Defendants intend to file: motion(s) for summary judgment and qualified immunity and a as well as motions in limine, and discovery motions as necessary.

## **ESTIMATED TRIAL TIME**

The parties estimate trial will require **3 or 4** days.

\_\_\_\_ This is a non-jury case.

__X__ This is a jury case.

The parties request a pretrial conference in late November 2025.

## **SETTLEMENT**

The possibility of settlement in this case is fair. The parties request a settlement conference in December 2025.

**EXCEPTIONS**

None.

        Submitted by:

        WGLA, LLP

        _/s/ Curtis Waldo_
        Benjamin Gubernick
        Curtis Waldo
        WGLA, LLP
        717 Texas Aven. Suite 1200
        Houston, TX 77002
        ben@wglawllp.com
        curtis@wglawllp.com
        (346) 277-0287
        (713) 306-0512
        *Attorneys for Plaintiff*

        APPROVED WITHOUT EXCEPTIONS:

        MYNATT SPRINGER P.C.

        _____
        BLAINE T. MYNATT
        New Mexico Bar No. 9471
        HALEY R. GRANT
        New Mexico Bar No. 145671
        P.O. Box 2699
        Las Cruces, New Mexico 88004-2699
        (575) 524-8812
        btm@mynattspringer.com
        hrg@mynattspringer.com
        *Attorneys for City Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I filed the foregoing document in compliance with the Federal Rules of Civil Procedure on April 23, 2025.

                                                      _/s/ Curtis Waldo_
                                                          Curtis Waldo