## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**RONNIE BROOKS,**

     **Plaintiff,**                           **No. 2:24-cv-01276-JHR-GBW**

**v.**

**JONAH TREVINO, JOSHUA**
**THOMAS, T'MADRE HARRIS,**
**JAMES TEAGUE, TAIWAN SMITH,**
**and THE CITY OF HOBBS**

     **Defendants.**

## DEFENDANTS JONAH TREVINO, JOSHUA THOMAS, T'MARDRE [SIC] HARRIS, JAMES TEAGUE, TIAWAN [SIC] SMITH, AND THE CITY OF HOBBS' RESPONSE TO PLAINTIFF'S MOTION TO STRIKE [DOC. 32]

Defendants' Jonah Trevino, Joshua Thomas, T'Mardre [sic] Harris, James Teague, Tiawan [sic] Smith (the "Officers"), and the City of Hobbs ("City Defendants") by and through counsel of record MYNATT SPRINGER P.C. (Blaine T. Mynatt and Haley R. Grant) submits this Response to Plaintiff's Motion to Strike [Doc. 32] the declarations enclosed with City Defendants' Response to Plaintiff's Motion for Partial Summary Judgment and Memorandum in Support and Cross-Motion for Partial Summary Judgment and Qualified Immunity [Doc. 24] ("Response and Cross-Motion") as follows. City Defendants further seek Fed. R. Civ. P. 11(b) sanctions against Plaintiff as further explained below and sought Plaintiff's position pursuant to Fed. R. Civ. P. 11(c)(2) as to the grounds for the sanctions via email on September 14, 2025. Plaintiff opposed the Rule 11 violations.

## INTRODUCTION

Plaintiff is not moving this Court to strike the Officers' declarations in their Response and Cross-Motion based on any alleged fraud, abuse, or misrepresentation. [Doc. 32]; [Doc. 24].

Rather, Plaintiff decries the Officers' use of a single word as entirely eliminating the credibility of their declarations, i.e., some crucial items of evidence in support of the Response and Cross-Motion.  [Doc. 24]; [Doc. 32, at pg. 1-3].  The thrust of Plaintiff's argument is that, because the signature lines of the Officers' declarations look like this: "/s/*approved* via video conference on May 28, 2025""" instead of this: "/s/ via video conference on May 28, 2025," the Officers did not actually execute the declaration.  [Doc. 32, at pg. 1-3].

The Motion to Strike acknowledges that the declarations "contain the officers' names *under* the signature line, *[but] these names do not purport to be signatures*…The name invites a signature, but the signature never comes." [Doc. 32, at pg. 2].  The Motion to Strike does not allege there is any of the necessary U.S.C. § 1746(2) (1976) language missing from the Officers' declarations or that there is any supporting evidence to question their truthfulness.  Plaintiff only claims "all evidence so far points to the conclusion that the complaint was *drafted months later*," but Officer Trevino's declaration reads "as if Trevino drafted and submitted an amended criminal complaint *shortly after Plaintiff's arrest*." [Doc. 32, pg. 3 n.1].

The declaration indeed quote all required sworn § 1756(2) language, including that each officer "*sw[ore] under penalty of perjury* of the laws of the State of New Mexico that *all matters set forth in the declaration are true based on my personal knowledge*." *See* U.S.C. § 1746(2) (1976) (emphasis added).  Still, the Motion to Strike insists using "approved" was, in effect, the Officers' "statements in their own Declarations are not theirs." [Doc. 32, at pg. 2].  The Motion to Strike raises these allegations alongside the text in § 1746(2) and a general reference to the entirety of Fed. R. Civ. P. 56 without synthesizing any rule that would support the allegations.  [Doc. 32, at pg. 1-3].  A response or reply in summary judgment with specific cited evidence and legal support

is the proper avenue to challenge the authenticity or veracity of a party's declaration.  Fed. R. Civ. P. 56(a).

Plaintiff levels serious Fed. R. Civ. P. 11(b) allegations without supporting law or evidence as is required in summary judgment where such arguments should have been reserved.  *See* Fed. R. Civ. P. 56, Advisory Comm. 2010, Subdivision c(2).  Parties and their attorneys routinely confer with each other to prepare affidavits and declarations.  If the Motion to Strike alleges the Officers did not make these statements, Plaintiff is essentially accusing undersigned counsel of fraudulently misrepresenting sworn statements to this Court knowing the Officers' declarations were not made by or attested to by the officers.  [Doc. 32].   Undersigned counsel vehemently reject any inference of fraud or misrepresentation and stand by the truthfulness of the officers' representations.

Plaintiff's arguments are plainly without the support of existing law or cited evidence. Attorneys must not be forced to address serious yet baseless accusations attacking the more sacred attorney professional duties to the practice, courts, and counsel– to represent all facts truthfully and in good faith. The Court must not tolerate unfounded arguments used as a weaponized against a party properly seeking relief through dispositive motion practice.

Plaintiff has not offered any good grounds to believe undersigned counsel or the Officers have acted in any underhanded manner or that the declarations are lacking in any material way. The Court must not only deny the Motion, it must also seriously consider awarding City Defendants the costs and attorney's fees associated with responding to a Motion lacking good grounds to support.  On these grounds, City Defendants' ask the Court to deny the Motion and enter reasonable attorneys' fees and costs.

## LEGAL STANDARDS

### Motions to Strike

Fed. R. Civ. P. 12(f) describes when a party may seek to strike a party's pleading or affirmative defenses as "redundant, immaterial, impertinent, or scandalous." A filing that is struck is a nullity. *Bunn v. Perdue*, 966 F.3d 1094, 1099 (10th Cir. 2020). "Generally, motions, briefs, and memoranda may not be attacked by a motion to strike." *Id*. "A motion to strike is not the appropriate procedural vehicle to resolve the merits of an argument requiring further factual development." *Maturin v. T-Mobile USA, Inc.*, No. cv-1125 JCH/SCY, 2025 U.S. Dist. LEXIS 38816 *13 (March 4, 2025) (unpublished).

"The exception to this principle is that a court may choose to strike a filing that is not allowed by local rule [.]" *Bunn*, 966 F.3d at 1099; *Gonzales v. McCabe*, No. 23-1071 GJF/KRS, 2024 U.S. Dist. LEXIS 222545, *4 (Dec. 9, 2024) (unpublished) (Courts "may strike briefs that fail to comply with the Local Rules."). The only applicable local rules in the United States District Court for the District of New Mexico allows parties to submit evidence including "in the form of declarations" along with legal support. D.N.M. LR-Civ. No. 7.3(b). The Officers' declarations are consistent with this District's local rules and there is no basis to support the Motion to Strike when such arguments are reserved for Fed. R. Civ. P. 56.

### Fed. R. Civ. P. 56

Fed. R. Civ. P. 56(c) allows a party to rely on declarations in support of factual positions. Rule 56(c)(4) further provides that "[a]n affidavit or declaration used to support or oppose a motion *must be made on personal knowledge*, set out *facts that would be admissible* in evidence, and show that the affiant or declarant is *competent to testify on the matters* stated." (emphasis added).

### Fed. R. Civ. P. 11 Sanctions

The "central purpose of Rule 11 is to deter baseless filings in district court and thus…streamline the administration and procedure of the federal courts." *Collins v. Daniels,* 916 F.3d 1302, 1322 (10th Cir. 2019). Fed. R. Civ. P. 11(b) defines an attorney's perquisite obligations to filing or making representations to the Court.

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> ‖
>
> (2) the claims, defenses, *and other legal contentions are warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b) (emphasis added).  Federal courts have "broad discretion to impose Rule 11 sanctions[.]" *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990); *Reeds v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  For the reasons provided in this Response, the Court must deny the Motion to Strike and award City Defendants' their reasonable attorney's fees and costs associated with the filing.

## ARGUMENT

I.    **The Officers' declarations comply with 28 U.S.C. § 1746(2) (1976) and Fed. R. Civ. P. 56, and Plaintiff offers no law or evidence to believe the mere inclusion of a single word alters the validity or accuracy of the declarations.  Thus, the Court must deny the Motion to Strike.**

The Motion to Strike alleges that the Officers' sworn declarations do not comply with 28 U.S.C. § 1746(2) (1976), because the signature lines on the declarations reads that each officer "approved" the declaration without the following "/s/ [name of the officer]" on the signature line. [Doc. 32, pg. 1-2].  According to Plaintiff, that an approval "does not mean that [the declaration] was signed." [Doc. 32 at pg. 2].

The Motion to Strike rests this argument on zero case law, nor does he explain how the only authority cited in § 1746(2) and Rule 56 compel the Court to strike the Officers' declarations. Plaintiff mischaracterizes the declaration as "unsworn," when each officer "sw[ore] under penalty of perjury under the laws of the State of New Mexico that the matters set forth in this declaration [we]re true based on [their] personal knowledge" consistent with § 1746(2). [Doc. 32, at pg. 2 ("To be clear, Plaintiff has no issue with an electronic signature being applied to an unsworn declaration.")].

The title of each declaration on the first page reads "Declaration of [each officer's name]." [Doc. 24-1 at pg. 1]; [Doc. 24-2, at pg. 1]; [Doc. 24-5 at pg. 1]; [Doc. 24-6 at pg. 1]; [Doc. 24-7 at pg. 1]; [Doc. 24-8 at pg. 1]; [Doc. 24-9 at pg. 1]. The declarations begin as follows:

1. I am over the age of eighteen and *am competent to testify* as to the matters set forth herein.
2. I swear under penalty of perjury under the laws of the State of New Mexico that the matters set forth in this declaration *are true based on my personal knowledge.*"

[Doc. 24-1 at pg. 1]; [Doc. 24-2, at pg. 1]; [Doc. 24-5 at pg. 1]; [Doc. 24-6 at pg. 1]; [Doc. 24-7 at pg. 1]; [Doc. 24-8 at pg. 1]; [Doc. 24-9 at pg. 1]. At the end of the body of the declaration reads "FURTHER DECLARANT SAYETH NAUGHT" with the below signature block:

<u>/s/Approved via [method of approval] on [date]</u>
[name of officer], Declarant

[Doc. 24-1 at pg. 4]; [Doc. 24-2, at 5]; [Doc. 24-5 at pg. 5]; [Doc. 24-6 at pg. 4]; [Doc. 24-7 at pg. 4]; [Doc. 24-8 at pg. 4]; [Doc. 24-9 at pg. 3]. The Officers' declarations meet the § 1946(2) standards for personal knowledge, truthfulness, and made under penalty of perjury which, in turn, meet the Rule 56 requirements for sworn declarations.

Fed. R. Civ. P. 56(c) allows a party to rely on declarations in support of factual positions. Rule 56(c)(4) further provides that "[a]n affidavit or declaration used to support or oppose a motion *must be made on personal knowledge*, set out *facts that would be admissible* in evidence, and show that the affiant or declarant is *competent to testify on the matters* stated." (emphasis added). In similar language Section 1746 establishes that when a

> matter is required or permitted to be supported, evidenced, established, or proved by the *sworn declaration*, verification, certificate, statement, oath, or affidavit, *in writing of the person making the same* (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter *may[] be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated*, *in substantially the following form…*
>
> (2) If executed within the United States []: I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> *(signature)*.

(emphasis added). "28 U.S.C. § 1746 allows a written unsworn declaration…subscribed in proper form as true under the penalty of perjury" along with "a date and signature." Fed. R. Civ. P. 56, Advisory Comm., 2010 amends, subdivision(c); *Price v. Philpot*, 420 F.3d 1158, 1165 n. 6 (10th Cir. 2005) ("In describing the requirements of a § 1746 declaration, [the Tenth Circuit] ha[s] consistently emphasized that the writer must "subscribe" the statement "as true under penalty of perjury."") *see also Wilkins v. City of Tulsa, Okla.*, 33 F.4th 1265, 1269 n. 1 (10th Cir. 2022) (A declaration satisfied 28 U.S.C. § 1746, because it was "signed, dated, and made under penalty of perjury.").

In *Richardson v. Gallagher*, the Tenth Circuit found no error in a district court's summary judgment admittance of a fact supported by a declaration with an e-signature. *Richardson v. Gallagher*, 553 F. App'x 816, 827-828 (10th Cir. 2014) (non-precedential). This was true even

when the typed name under the signature block did not match the correct name of the signature on the signature line, because it was clear whose statements belonged to whom. *Richardson v. Gallagher*, 553 F. App'x 816, 827-828 (10th Cir. 2014) (non-precedential).

If the misidentification of an individual on their signature block is insufficient to disregard a declaration, there is no basis to conclude that the word "approved" somehow contradicted the sworn nature of the statements that came before the word. *Compare id.*; Fed. R. Civ. P. 56, Advisory Comm., 2010 amends, subdivision(c) ("28 U.S.C. § 1746 allows a written unsworn declaration…subscribed in proper form as true under the penalty of perjury" along with "a date and signature."). Each of the Officers supplied the content of their declarations swearing to the truthfulness of the contents "under penalty of perjury" with a date of execution. [Doc. 24-1 at pg. 1, 4]; [Doc. 24-2, at pg. 1, 5]; [Doc. 24-5 at pg. 1, 5]; [Doc. 24-6 at pg. 1, 4]; [Doc. 24-7 at pg. 1, 4]; [Doc. 24-8 at pg. 1, 4]; [Doc. 24-9 at pg. 1, 3]; *see id.* Plaintiff advances serious allegations that are contrary to the language and case law following §1746(2) or Rule 56.

Plaintiff further offers no evidence or law to support good grounds that the Officers' declarations are procedurally or substantively defective. *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney [] certifies that to the best of the person's knowledge, information and believe, *formed after reasonable inquiry under the circumstances*…the claims, defenses, or other legal contentions *are warranted by existing law* or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]") (emphasis added).

In fact, a motion to strike is not a vehicle to strike the declarations without a violation of this District's local rules that does not exist. *See Bunn*, 966 F.3d at 1099 ("Generally, motions,

briefs, and memoranda may not be attacked by a motion to strike."); *Id.*; *Maturin v. T-Mobile USA, Inc.*, No. cv-1125 JCH/SCY, 2025 U.S. Dist. LEXIS 38816 *13 (March 4, 2025) (unpublished) ("A motion to strike is not the appropriate procedural vehicle to resolve the merits of an argument requiring further factual development.").

Any reasonable inquiry into the language of § 1746(2) and Rule 56 would not lead to the conclusion that "approved" was, in effect, the Officers' denial as having subscribed to the statements under penalty of perjury. *See* Fed. R. Civ. P. 11(b). If anything, the language of these provisions should have invited further inquiry into the case law demonstrating that the Officers' declarations plainly met the elements of a proper admissible declaration. For moving to strike the Officers' declarations without good grounds supported by law, the Court must award City Defendants' reasonable attorney's fees and costs associated with responding to the Motion to Strike. [Doc. 32].

## CONCLUSIONS

On the aforementioned grounds, the Court must deny the Motion to Strike [Doc. 32] and levy reasonable attorney's fees and costs against Plaintiff for raising arguments lacking in good grounds. The Officers' declarations comport with 28 U.S.C. § 1756(2) and Fed. R. Civ. P. 56, and there is no violation of this District's local rules to justify any filing of a motion to strike.

Respectfully submitted,

MYNATT SPRINGER P.C.

_____
BLAINE T. MYNATT
New Mexico Bar No. 9471
HALEY R. GRANT

New Mexico Bar No. 145671
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
btm@mynattspringer.com
hrg@mynattspringer.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, a true and correct copy of the foregoing pleading was served upon the following counsel via email and the CM/ECF File and Serve system:

WGLA, LLP
Benjamin Gubernick
Ben@wglawllp.com

Curtis Waldo
curtis@wglawllp.com
*Attorneys for Plaintiff*

_____
HALEY R. GRANT