IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNIE BROOKS

     Plaintiff,

                                                                           Civ No. 2:24-cv-01276-JHR-GBW

vs.

JOSHUA THOMAS,
T'MADRE HARRIS,
JAMES TEAGUE,
TAIWAN SMITH,
JONAH TREVINO, AND
THE CITY OF HOBBS,
     Defendants.

**REPLY IN SUPPORT OF MOTION TO STRIKE DECLARATIONS**

     Plaintiff submits this Reply in Support of Motion to Strike Declarations, and in support states as follows:

**REPLY**

**A. The declarations are fatally defective under 28 U.S.C. § 1746.**

     Defendants' Response is very strange. Plaintiff's objection[1] to the subject declarations is based on the plain language of 28 U.S.C. § 1746[2] (requiring a "signature"), not any fraud or misrepresentation by the officers or their attorneys. That is because without a signature—*i.e.*, someone attesting to the truth of the statements contained in a declaration—no one is making any representations, truthful or otherwise. To illustrate the problem, consider what happens if a claim

---

[1] Defendants point out that Rule 12 is an improper vehicle to object to a declaration. Plaintiff agrees; Plaintiff's Motion is better characterized as an objection to the declarations under Rule 56(c)(2) and (c)(4).

[2] Defendants at times reference Section 1746, Section 1756, and Section 1946. Plaintiff's understanding is that Defendants are referring to Section 1746.

1

in one of the Declarations turns out to be false. Who is on the hook for perjury? Probably no one. All the officer did was "approve" of a document someone else wrote, and approving of something is not the same as attesting under penalty of perjury that the statements in the document are true.

One must wonder, Defendants could have cured (and still could cure) this defect by submitting Declarations with actual signatures, but they declined to do so (and apparently still decline to do so). Why not? What are Defendants hiding?

In any event, despite its ten pages, Defendants do not address the one argument raised by Plaintiff, that the Declarations do not purport to contain signatures. Defendants cite no authority for the proposition that a declarant may "approve" the contents of a Declaration in lieu of a signature, and Plaintiff is aware of none. Plaintiff readily concedes that electronic signatures are acceptable under Section 1746, even from the wrong person. After all, they are still signatures.[3] But if "approved by" is good enough under Section 1746, surely every summary judgment declaration will now be "approved by" and not signed, and the signature requirement will be a nullity.

The plain language of the statute is sufficient, but caselaw also supports the proposition that Section 1746 requires a signature. *E.g.*, *Souza v. Thurston*, 819 F. App'x 636, 639 (10th Cir. 2020) (magistrate judge did not consider declaration to be valid under Section 1746 where it was not signed). The "wrong signature" case cited by Defendants is instructive. In *Richardson v. Gallagher*, 553 F. App'x 816, 828 (10th Cir. 2014), two persons—Memmott and Sulley—submitted declarations. It was clear from the title and context of the declarations that Memmott and Sulley were the respective declarants. *Id.* The declarations contained the electronic signatures

---

[3] Defendants seem to argue the declarations complied with Section 1746(2) regarding "under penalty of perjury" and related language, which is surely true, *except* for the "signature" requirement in Section 1746(2).

2

of Memmott and Sulley. *Id.* Yet, underneath each of the signatures was the printed name of a third person, Gallagher. *Id.* This was a typographical error as Gallagher had submitted a third declaration, and the attorneys had presumably neglected to change it on the Memmott and Sulley declarations. *Id.* The Tenth Circuit held that on this record, the Memmott and Sulley declarations met the signature requirement of Section 1746. *Id.*

*Richardson* is hence the polar *opposite* of the current case. The declarations in *Richardson* did contain signatures, which did purport to be from the intended declarants. The error was in the typed name field underneath the signatures. But the typed name field is not required under Section 1746, whereas a signature *is* required.[4]

Plaintiff also notes that Defendants do not address Plaintiff's hearsay objections to the declarations, at all, so they waive this argument. This is another reason the Court should not consider the declarations.

**B. Sanctions against Plaintiff are not warranted.**

Plaintiff is unclear on Defendants' basis for requesting sanctions, but the request should be denied. Plaintiff's Motion was filed because Defendants failed to meet the requirements of Section 1746. Defendants could have cured this defect easily, but they did not, instead choosing to spend the time to draft a wrong-headed, self-defeating response. That this is how Defendants choose to spend their clients' resources (taxpayer dollars, ultimately) is not the fault of Plaintiff.

## CONCLUSION

For the reasons stated in Plaintiff's Motion, Plaintiff's summary judgment briefing, and this reply, Plaintiff's Motion should be granted, and the Court should not consider the declarations

---

[4] Defendants also fault Plaintiff for referring to the officers' declarations as "unsworn," but "unsworn declarations" is the title of Section 1746. "Unsworn" refers to the lack of a notary requirement. *See Richardson*, 553 Fed. App'x, at 827.

submitted by Defendants in their Cross-Motion [Dkt. #24].  In the alternative, Plaintiff's Motion should be denied as moot, and the Court should sustain Plaintiff's objections to the declarations and not consider them as part of the summary judgment record.  Plaintiff seeks all other relief to which he may be entitled at law or in equity.

Date:  September 29, 2025

                    Respectfully submitted,

                    WGLA, LLP

                    */s/ Curtis Waldo*

                    Benjamin Gubernick (SBN 145006)
                    Curtis Waldo (SBN 163604)
                    Ben@wglawllp.com
                    curtis@wglawllp.com
                    346-394-8056
                    717 Texas St., Suite 1200
                    Houston, TX 77002

                    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on this 29th day of September, 2025, I caused the foregoing document and attachments thereto to be served on all counsel of record in compliance with the Federal Rules of Civil Procedure.

                                            */s/ Curtis Waldo*
                                            Curtis Waldo